UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAVTARADZE GIORGI,
(A#249-099-073),

        Petitioner,

   v.

CHRISTOPHER CHESTNUT, et al.,

        Respondents.

No.  1:26-cv-02170-DJC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner has been in federal immigration detention for more than seventeen months and filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner's motion for a temporary restraining order (ECF No. 2) and habeas corpus petition (ECF No. 1), both of which he filed pro se, are pending before the Court.  After appointing petitioner counsel, District Judge Calabretta referred the matter to the undersigned for the filing of findings and recommendations.  For the reasons described below, the undersigned recommends granting the § 2241 petition and ordering petitioner's immediate release from immigration detention.  Based on this recommendation, the undersigned further recommends that the motion for a temporary restraining order be denied as moot.

////

1

## I.     Factual and Procedural History

Petitioner is a native and citizen of Georgia who crossed the border into the United States on November 18, 2024.  ECF No. 1 at 10; see also ECF No. 11-1 at 2 (identifying petitioner's country of origin).  He was detained by immigration officials and requested asylum.  ECF No. 1 at 10.  Since that time, he has been in the continuous custody of immigration officials.  ECF No. 1 at 6.  He is currently detained at the California City Detention Center located in this judicial district.  ECF No. 1 at 9.

An immigration judge ("IJ") denied his application for asylum, but granted petitioner withholding of removal to Georgia on June 11, 2025.  ECF No. 11-1.  Petitioner appealed the IJ's decision denying him asylum.  The Board of Immigration Appeals ("BIA") affirmed the IJ's ruling on December 19, 2025.  ECF No. 11-2.

In claim one of his § 2241 petition, he challenges his prolonged detention and alleges that his removal is not reasonably foreseeable because he cannot be returned to Georgia and no third country will accept him.  ECF No. 1 at 6.  Next, petitioner challenges his detention as a violation of his Fifth Amendment right to due process since he has not been provided a bond hearing.  Id.  His last two claims for relief allege that he has been denied adequate medical care for a painful cyst and that his detention has caused psychological trauma.  ECF No. 1 at 6-7.  By way of relief, petitioner seeks immediate release, or, in the alternative, a bond hearing to determine whether his detention is justified.  Id. at 7.

Respondents' answer to the § 2241 petition contends that petitioner's "detention is mandatory, and he is on notice that the government intends to remove him to a third country."  ECF No. 11 at 1.  Additionally, respondents submit that this court lacks jurisdiction to adjudicate claims arising from the execution of immigration removal orders pursuant to 8 U.S.C. § 1252(g).  ECF No. 11 at 2.  Finally, respondents assert that his detention is not indefinite based on the reasoning in Zadvydas v. Davis, 533 U.S. 678, 701 (2001), because "the Supreme Court determined that it is 'presumptively reasonable' for the Government to detain a noncitizen for six months following entry of a final removal order, while it worked to remove the noncitizen from the United States."  ECF No. 11 at 3.  In this case, petitioner has not been detained for the

presumptively reasonable six months yet because his removal order did not become final until December 19, 2025. Id. Respondents do not credit any of the time in which petitioner was in detention prior to this date.

Respondents also contend that petitioner has not met his burden of establishing that his removal is not reasonably foreseeable because it "relies entirely on a speculation that no third country will accept him." Id. "The only requirement on Respondents under Zadvydas is to rebut a sufficient showing by Petitioner that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Respondents do not submit any documents related to petitioner's third country removal. Instead, respondents submitted a copy of the IJ decision denying petitioner asylum as well as the BIA decision affirming that order. ECF Nos. 11-1, 11-2.

In a counseled reply brief, petitioner emphasizes that "[t]he only order that remains in effect is the June 11, 2025 order withholding Petitioner's removal to Georgia, without designation of any third country to which Petitioner could be removed." ECF No. 12 at 2. Based on his seventeen months in detention with no foreseeable end in sight, petitioner submits that his prolonged detention violates due process. ECF No. 12 at 2. With respect to the challenge to the court's jurisdiction, petitioner submits that he is not challenging the IJ's removal order in this case. Id. at 3. "Rather, petitioner seeks relief under the Due Process Clause from his clearly prolonged and indefinite detention." Id. Thus, habeas jurisdiction is proper since petitioner is challenging the constitutionality of his detention. As a statutory matter, petitioner contends that "federal regulations require ICE to release him from detention on an order of supervision if there is no significant likelihood that [he] will be removed in the reasonably foreseeable future." Id. at 5 (citing 8 C.F.R. § 241.13(g)-(h)). On the merits of his prolonged detention claim, petitioner asserts that the six-month presumption of reasonableness under Zadvydas does not foreclose a challenge to detention that has lasted for less than six months after the order of removal became administratively final. Id.

## II. Immigration Detention Framework After a Final Order of Removal

The detention of noncitizens who have been ordered removed from the United States is governed by 8 U.S.C. § 1231(a). "In particular, § 1231(a)(6) provides that after a 90-day

3

'removal period,' a noncitizen 'may be detained' or may be released under terms of supervision." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022).  After this 90 day removal period has elapsed, ongoing detention is only authorized for "four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'"  Arteaga-Martinez, 596 U.S. at 578–79 (quoting 8 U.SC. § 1231(a)(6)).  Respondents have not taken the position that petitioner falls within one of those four categories, and petitioner contends he "does not fall into any such categorical exception."  As a threshold matter, it is accordingly unclear whether respondents have properly exercised their statutory discretion under § 1231(a)(6) to maintain petitioner in custody.

The Supreme Court examined the constitutional limits of detention under § 1231(a)(6) in Zadvydas, describing as "obvious" the "serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any" procedural "protection[s.]"  533 U.S. at 692 (2001).  Zadvydas read an implicit due process limitation into the immigration statute governing the removal of noncitizens subject to a final order of removal in order to avoid serious constitutional problems.  The Supreme Court reasoned that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."  Zadvydas, 533 U.S. at 693.  As a result, "once [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Zadvydas, 533 U.S. at 699.  In order to establish a uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court recognized a presumptively reasonable six month period of detention.  Id. at 701.  If a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.

### III.    Jurisdiction Over 2241 Petition Challenging Detention

Turning first to respondents' jurisdictional challenge, the Supreme Court has narrowly interpreted § 1252(g) as applying "only to [those] three discrete actions that the Attorney General

4

may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" Reno v. Am.-Arab Anti-Discrimination Comm. et al., 525 U.S. 471, 482 (1999) (emphasis omitted) (quoting 8 U.S.C. § 1252(g)).  The statute, however, does not "sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General." Jennings v. Rodriguez, 583 U.S. 281, 294 (2018).  "Thus, decisions or actions that are a part of the deportation process, but not specifically the action of commencing proceedings, adjudicating cases, or executing removal orders, are not jurisdictionally barred from judicial review." Trieu Minh Ly, v. Bondi, No. 5:26-cv-01320-SPG-DFM, 2026 WL 917605, * 4 (C.D. Cal. March 31, 2026) (citations omitted).  In this case, petitioner is not challenging the decision to "commence proceedings, adjudicate cases, or execute [his] removal order[]" because the IJ granted him withholding of removal to Georgia.  He is challenging his prolonged detention in immigration custody.  Section 1252(g) is no obstacle to review of that challenge.

Respondents argue that the Court's "no transfer order," ECF No. 10, "must be dissolved" because of § 1252(g).  ECF No. 11 at 2.  However, respondents have not shown that they are presently unable to remove petitioner as a result of the no transfer order.  Accordingly, there is no current § 1252(g) problem with that order.  Moreover, the no transfer order will automatically dissolve upon the final adjudication of the petition contemplated by these findings and recommendations.

### IV.     Under Zadvydas, Petitioner's Ongoing Detention Violates Due Process

#### A.  Petitioner's Detention is Not Presumptively Reasonable

Respondents note that petitioner has been detained for less than six months from the time his removal order became final (in December 2025), and it accordingly remains presumptively reasonable.  The undersigned joins other courts that have found that the six-month presumptively reasonable period of detention described in Zadvydas does not mean that detention always reasonable for the full six months.  See Uzzhina v. Chestnut, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, *3 n. 3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under Zadvydas.") (quoting Clark v. Martinez, 543 U.S. 371, 384 (2005) ("Zadvydas did not hold that

the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal."); Trinh v. Homan, 466 F.Supp.3d 1077, 1092 (C.D. Cal. 2020) (explaining that "[a]t no point did the Zadvydas Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period"); Medina v. Noem, 794 F. Supp. 3d 365, 375 (D. Md. 2025) (noting that "what Zadvydas did make clear was that it was adopting a presumption— not a conclusive bar to adjudication of whether continued detention is authorized that lifts only after six months have elapsed"); Vijdani v. Mattos, No. 2:25-cv-02496-GMN-EJY, 2026 WL 560209, at *3-4 (D. Nev. Feb. 27, 2026) (collecting cases concluding the same).  Petitioner has sufficiently overcome the presumption of reasonableness under Zadvydas because he cannot be removed to his country of origin, an IJ ordered him removed more than ten months ago, the 90-day mandatory detention period has passed without his removal to any other country, and he has been in detention for a total period of seventeen months.  Zadvydas, 533 U.S. at 701.

**B. Significant Likelihood of Removal in the Reasonably Foreseeable Future**

Petitioner has met his burden of establishing a "good reason to believe" that there is no significant likelihood of his removal in the reasonably foreseeable future because he was granted withholding of removal to Georgia over ten months ago, respondents have not designated a third country of potential removal, there "is a considerable backlog in the processing of deportations to third countries," and, petitioner intends to raise a fear based claim for protection if he is likely to be persecuted or tortured in any designated third country, which could take years to fully resolve. ECF No. 12 at 7-9.

Respondents do not identify which third country they are attempting to remove petitioner or describe any steps they have actually taken to do so.  As a result, there is nothing in the record to suggest any likelihood that petitioner will be deported in the reasonably foreseeable future.  In defending this case, respondents emphasize only the generalized prospect of removal to a third country.  ECF No. 11.  Based on the present record, the burden shifts to respondents to produce

6

evidence to rebut petitioner's showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Respondents did not submit any declaration from an agency official describing any steps ICE has taken to secure petitioner's removal over the past four-and-a-half months. This silent record reinforces the court's conclusion that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future. See Tumasov v. Doe 1, No. 26CV590-LL-DEB, 2026 WL 458146, at *3-4 (S.D. Cal. Feb. 18, 2026) (granting habeas to a petitioner who was detained for less than four months after the removal order became final because ICE had not yet identified any country that would accept petitioner). Accordingly, petitioner has sufficiently established that his removal is not reasonably foreseeable and that his ongoing detention is not reasonably necessary to secure his removal. See Zadvydas, 533 U.S. at 699–700. Therefore, the court recommends granting the § 2241petition on claim one based on his unlawful prolonged detention.[1]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's § 2241 application (ECF No. 1) be granted on claim one.[2]

2. Respondents be ordered to immediately release Petitioner KAVTARADZE GIORGI, (A#249-099-073), under conditions of supervision dictated by applicable statutes and regulations.

3. The Clerk of Court be directed to serve the **California City Detention Facility** with a copy of any final order granting release.

4. Respondents shall not redetain petitioner unless and until they comply with all procedures set forth in 8 C.F.R. § 241.13(i) and any other applicable statutes and regulations.

---

[1] While the petition does not expressly raise the issue of fair notice in advance of removal to any third country, the court notes that petitioner is entitled to adequate notice as well as the opportunity to claim a fear of persecution or torture as to such country. See Andriasian v. I.N.S., 180 F.3d 1033, 1041 (9th Cir. 1999) (holding that "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both agency regulations and the constitutional right to due process").

[2] In the interests of judicial economy, the remaining claims are not addressed herein in light of the recommended relief.

5. Petitioner's motion for a temporary restraining order (ECF No. 2) be denied as moot in light of the recommendation to grant the § 2241 petition.

6. The Clerk of Court be directed to enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE